## Jackson, *ex dem.* Beekman and Wife *against* Witter.

In an action of ejectment, it was held that a map of partition of land, on which the commissioners had indorsed a partition, was not admissible as evidence of title or seisin in the person under whom the lessors of the plaintiff claimed, though of ancient date; especially, when unaccompanied with possession, and without showing the prior title of the party in partition.

THIS was an action of *ejectment,* for lands in *Orange* county. The cause was tried at the *Orange* circuit, on the 4th *June,* 1806, before Mr. Justice *Tompkins.*

The plaintiff, in right of his wife, claimed an undivided part of lot No. 33, in a tract of land called the angle of the *Minisinck patent,* being the premises in question, under *Henry Van Ball.* To show the right of *Van Ball,* the plaintiffs offered in evidence an exemplification of a map, under the great seal of the state, made of various lots in the angle of the said patent, among which is the lot No. 33, marked "No. 33, *Henry Van Ball,* 1128 acres and one chain." On this map there was an indorsement of a *partition* made by certain commissioners, pursuant to an act of the legislature, in 1708, of the angle of the *Minisinck patent,* which, after specifying the division by ballot, mentions, that "Lots No. 24 and No. 33, fell to *Henry Van Ball.*" This endorsement of partition bears date the last day of *March,* 1715, and is signed by the persons who were chosen to make the partition, and proved before one of the judges of the Supreme Court, and recorded in the office of the Secretary of State. The defendant's counsel objected to this evidence, but it was admitted by the judge. The case detailed other evidence given at the trial by the plaintiff, as well as by the defendant, and several points were made on the argument; but as the court confined their opinion to one point, the admissibility of the *map* and *partition,* it is unnecessary to state the other facts and questions in the cause. The jury having

found a verdict for the plaintiffs, a motion was now made to set aside the verdict, and for a new trial, for the misdirection of the judge.

*Fisk*, for the defendant.

*Riggs*, contra.

*Per Curiam.* On the argument of the motion for a new trial in this case, several points were presented to the consideration of the court. We confine ourselves, however, [*] to the first, which relates to the map of partition in 1769, which was offered and received as evidence of title and seisin in *Henry Van Ball*, under whom the lessors of the plaintiff make title to the premises in question. This map purports to have been made by commissioners appointed to make partition of certain lands, including the premises, pursuant to a colonial act of 1708. This was a mere *ex parte* proceeding. The commissioners had no power to examine into and determine the titles of the parties to the premises they were appointed to divide. Though it is a very ancient transaction, and might be good evidence as to the boundary or location of the premises, it never can be considered as conveying any title. The verdict must therefore be set aside, with costs, to abide the event of the suit.

New trial granted.